**EASTERN MINERALS
& CHEMICALS CO.;
Cary W. Ahl, Sr.,**

v.

**Gary A. MAHAN (MD.DC.97–cv–01941),**

**Eastern Minerals & Chemicals
Co.; Cary W. Ahl, Sr.,**

v.

**Gary A. MAHAN (MD.DC.97–cv–00366),**

**Eastern Minerals & Chemicals
Co.; Cary W. Ahl, Sr.,** [*]

v.

**Millington Quarry, Inc.; Guy T.
Carulli; Edward W. Ahart
(MD.DC.99–cv–00601),**

**Eastern Minerals & Chemicals Co., Cary
W. Ahl, Sr., Appellants (Caption
Amended Per Clerk's Order of 2/6/02).**

**No. 01–3833.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 18, 2002.

Decided Nov. 15, 2002.

Dale E. Lapp, (Argued), Lapp & Pontz, LLP, Lancaster, PA, for Appellants.

James J. Kutz, (Argued), Barbara A. Zemlock, Duan Morris LLP, Harrisburg, PA, Kathleen Misturak–Gingrich, Eckert, Seamans Cherin & Mellott, LLC, Harrisburg, PA, Robert E. Kelly, Jr., Harrisburg, PA, for Appellees.

Before ROTH, GREENBERG, Circuit Judges and WARD,[*] District Judge.

## OPINION

ROTH, Circuit Judge.

Plaintiffs Eastern Minerals & Chemical Co. and its president, Cary W. Ahl, Sr., appeal from the District Court's dismissal of their claims against all defendants in these consolidated actions and from the District Court's denial of their motion for reconsideration. The claims were dismissed pursuant to either Fed.R.Civ.P. Rule 12(b)(6) or Rule 56. We have appellate jurisdiction from a final order of judgment pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal pursuant to Rules 12(b)(6) and 56 is plenary. *See Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 871 (3d Cir.1992); *Pub. Interest Research Group of N.J. v. Powell Duffryn Terminals, Inc.,* 913 F.2d 64, 71 (3d Cir.1990). The standard of review for decisions denying motions for reconsideration is abuse of discretion. *See Max's Seafood Cafe v. Quineros,* 176 F.3d 669, 673 (3d Cir.1999). The facts of this case are well known by the parties and, therefore, will not be repeated here.

In granting summary judgment on plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.,* the District Court found that plaintiffs failed to raise a genuine issue of material fact that defendants committed the RICO predicate acts of fraud. In ruling on the alter ego

---

[*] Honorable Robert J. Ward, District Court Judge for the Southern District of New York, sitting by designation

claim, the court found that plaintiffs failed to demonstrate that piercing the corporate veil was necessary to avoid fraud, illegality, or injustice.

We agree that plaintiffs did not raise a genuine issue of material fact that the December 9, 1993, letter "knowingly misstates the speaker's true state of mind when made," *Nat'l Data Payment Sys., Inc. v. Meridian Bank*, 212 F.3d 849, 858 (3d Cir.2000); that defendants' intent in giving Millington Quarry, Inc. a security interest in the assets of Delta Carbonate, Inc., which was assigned to Chemical Bank, was to defraud Delta's creditors rather than to extend the repayment terms of a loan from Chemical Bank; or that defendants overstated Chemical Bank's security interest during the bankruptcy proceedings. At most, the evidence shows that Delta's attorney took a legal position that is arguably inconsistent with a statement made by Delta prior to the bankruptcy, and then conceded the point when a creditor challenged the position.[1]

Nor did the District Court abuse its discretion in denying plaintiffs' motion for reconsideration based on documents that plaintiffs had in their possession before the summary judgment motion, but which they did not submit in opposition to defendants' summary judgment motion because plaintiffs believed that defendants had not met their initial burden of production. The 112 paragraph statement of undisputed facts and the extensive excerpts from depositions, affidavits, and documents that defendants submitted in support of their motion were more than sufficient to satisfy their initial burden of identifying those portions of the record that they believed demonstrated the absence of a genuine issue of material fact under *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The statement and its supporting documents went beyond "conclusory assertion that the plaintiff has no evidence to prove his case." *Id.* at 328 (White, J. concurring).[2] Therefore, reconsideration is not required to prevent manifest injustice because plaintiffs' unreasonable claim that defendants did not meet their initial burden of production does not excuse their failure to submit the documents in response to the summary judgment motion.

For the reasons stated above, we will affirm the District Court.

---

1. Having found that plaintiffs failed to raise a genuine issue of material fact on their RICO and alter-ego claims, we need not address whether the District Court erred in dismissing the RICO claim against Edward Ahart and the alter ego claim against Millington because those claims were based on the same alleged fraudulent or improper conduct as to which plaintiffs failed to raise a genuine issue of material fact regarding the other defendants.

2. Plaintiffs' reading of Local Rule 56.1 of the Middle District of Pennsylvania, according to which the court accepts as true allegations in the complaint, except to the extent that defendants contest these allegations, is unacceptable because it is contrary to the holding of *Celotex* that there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp.*, 477 U.S. at 323–24.